**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**CATHY L. WALDOR**<br>UNITED STATES MAGISTRATE JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>ROOM 4040<br>NEWARK, NJ 07101<br>973-776-7862 |

**LETTER ORDER**

October 19, 2015

*All counsel of record via ECF*

**Re:   Malibu Media, LLC v. John Doe subscriber assigned IP address 69.118.197.157, Civil Action No. 2:15-cv-6723 (WHW)(CLW)**

Dear Counsel:

     This Letter Order will address Plaintiff Malibu Media, LLC's unopposed motion for leave to serve a third-party subpoena prior to the Rule 26(f) conference in this matter. (ECF No. 4.) Pursuant to Federal Rule of Civil Procedure 78, the Court did not hear oral argument. Upon careful consideration of the submissions, and for the reasons set forth below, Plaintiff's motion is granted.

**I.   BACKGROUND**

     This action involves Defendant's alleged, illegal distribution of Plaintiff's copyrighted works, namely various motion pictures[1] (the "Works") on the Internet.

     On September 8, 2015, Plaintiff filed a Complaint against a "John Doe" Defendant identified only by IP address, asserting a claim for direct copyright infringement. (Compl. ¶¶ 30-35, ECF No. 1.) Plaintiff alleges that Defendant used a file-sharing protocol called BitTorrent to infringe upon Plaintiff's copyrights in the Works. (Id. ¶¶ 12-27.) Plaintiff contends that the BitTorrent protocol functions by "break[ing] a [large] file into many small pieces called bits [and] [u]sers then exchange these small bits among each other instead of attempting to distribute a much larger digital file." (Id. ¶ 14.) Each bit is assigned a unique cryptographic hash value, which the BitTorrent protocol uses to coordinate the exchange of bits between users who are sharing the larger file. (Id. ¶¶ 16-18.) Once a user downloads all of the bits comprising the file, the user's "BitTorrent client software reassembles the bits so that the file may be opened and utilized." (Id. ¶ 15.)

     Plaintiff asserts that "Defendant downloaded, copied, and distributed a complete copy of Plaintiff's works without authorization[.]" (Compl. ¶ 21.) Plaintiff retained an investigator, IPP

---

[1] Plaintiff alleges that it owns certain United States Copyright Registrations, each of which covers a different motion picture. (Compl. ¶ 3, Ex. B, ECF No. 1, Attach. No. 2.)

International UG, to identify the internet protocol ("IP") addresses of those alleged infringers who used the BitTorrent protocol to reproduce or distribute the Works. (Id. ¶¶ 18-23.) Plaintiff concludes that Defendant shared the Works because IPP International UG used the BitTorrent protocol to download one or more bits of those Works during connections with Defendant's IP address. (Id. ¶¶ 19-25.)

On September 24, 2015, Plaintiff filed its motion. Plaintiff maintains that, given the anonymous nature of the conduct in question, Plaintiff has only been able to identify Defendant by his or her IP address. Plaintiff further contends that the IP address was assigned by Defendant's internet service provider ("ISP") and, "[a]ccordingly, the ISP can use the IP address to identify the Defendant." Plaintiff asserts that Optimum Online ("Optimum") is Defendant's ISP, and seeks leave to serve Optimum with a subpoena directing it to disclose Defendant's "true name and address[.]" Plaintiff argues that, without this information, it "cannot serve the Defendant nor pursue this lawsuit to protect its valuable copyrights." Plaintiff also argues that ISPs may only maintain the necessary information for a short period of time, which may result in the loss of the information without prompt action.

## II.   DISCUSSION

Federal Rule of Civil Procedure 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." The Court, however, may grant leave to conduct discovery prior to that conference. Id. In ruling on a motion for expedited discovery, the Court should consider "the entirety of the record to date and the reasonableness of the request in light of all of the surrounding circumstances." Better Packages, Inc. v. Zheng, 2006 WL 1373055, at *2 (D.N.J. May 17, 2006) (quoting Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor, 194 F.R.D. 618, 624 (N.D. Ill. 2000)). Courts faced with motions for leave to serve expedited discovery requests to ascertain the identity of John Doe defendants in internet copyright infringement cases often apply the "good cause" test. In re Bittorrent Adult Film Copyright Infringement Cases, 2012 WL 1570765 (E.D.N.Y. May 1, 2012) (granting limited early discovery regarding a John Doe defendant); Pacific Century Int'l. Ltd. v. Does 1-101, 2011 WL 5117424, *2 (N.D. Cal. Oct. 27, 2011) (finding plaintiff had not shown good cause to obtain expedited discovery). Good cause exists where "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Am. Legalnet, Inc. v. Davis, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009); Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 275-76 (N.D. Cal. 2002).

The Court has previously applied the "good cause" standard to permit limited, early discovery under nearly identical circumstances. See Malibu Media, LLC. v. John Does 1-11, 2013 U.S. Dist. LEXIS 26217 (D.N.J. Feb. 26, 2013). In that case, the plaintiff sought leave to serve a subpoena demanding that the ISP in question reveal the John Doe defendants' names, addresses, telephone numbers, e-mail addresses, and Media Access Control addresses. Id. at *3-4. The Court granted the plaintiff's request for early discovery, but permitted the plaintiff to obtain only the information absolutely necessary to allow it to continue prosecuting its claims, i.e., only the defendant's name and address. Id. at *3. The Court imposed that limitation due to the fact that the person whose information was on file with the ISP might not be the same person who engaged in the allegedly infringing activity (i.e., others, including persons outside of the household, may have

been responsible), and because more expansive discovery could impose an undue burden on such innocent individuals.  Id. at *9-11 (citing Third Degree Films, Inc. v. John Does 1-110, 2013 U.S. Dist. LEXIS 27273 (D.N.J. Jan. 17, 2013)). Other courts in this District have reached the same conclusion and have imposed similar limitations.  See, e.g., Malibu Media, LLC v. Doe, No. 13-4660 (JAP) (DEA), slip op. (ECF No. 5) at 2 (D.N.J. Aug. 19, 2013) (limiting the scope of a pre-Rule 26(f) conference subpoena to a subscriber's name and address); Voltage Pictures v. Doe, 2013 U.S. Dist. LEXIS 155356, *9-10 (D.N.J. May 31, 2013) (granting leave to serve subpoena requesting only the name, address, and media control address associated with a particular IP address); Malibu Media, LLC v. John Does 1-18, 2013 U.S. Dist. LEXIS 155911, *9-10 (D.N.J. Mar. 22, 2013) (restricting the scope of a pre-Rule 26(f) conference subpoena by not permitting discovery of the internet subscriber's telephone number or e-mail addresses).

Here, the Court finds good cause to permit limited discovery prior to the Rule 26(f) conference. Without information from Optimum, Plaintiff likely will be unable to amend its Complaint to name the appropriate defendant, let alone effectuate service of that pleading. In essence, Plaintiff would be unable to litigate the sort of copyright violations at issue in this matter in any meaningful way. Moreover, while the Court recognizes that the subscriber whose information is on file with the ISP may not be personally responsible for the alleged infringement, he or she may have information that assists in identifying the infringer. The subscriber's identity is therefore relevant and discoverable under the broad scope of Rule 26. See Malibu Media, LLC v. Does, 2013 U.S. Dist. LEXIS 183958, *24 (D.N.J. Dec. 18, 2013) ("The Court notes that it is possible that the Internet subscriber did not download the infringing material. It is also possible, however, that the subscriber either knows, or has additional information which could lead to the identification of the alleged infringer.  Accordingly, the Court finds that the information sought by the subpoena is relevant.").

While the Court finds that some early discovery is necessary to assist Plaintiff in identifying the individuals who are allegedly infringing its copyrights, the Court remains cognizant of the impact that the disclosure of the information Plaintiff seeks might have on an innocent subscriber. Malibu Media, 2013 U.S. Dist. LEXIS 26217 at *10. Moreover, even if the Court permits Plaintiff to obtain all of the expedited discovery it requests, that would not necessarily reveal the appropriate defendant's identity. It will, rather, only provide information regarding the ISP subscriber. Plaintiff would then have to determine whether that particular subscriber illegally distributed the copyrighted work. See Pac. Century Int'l Ltd. v. Does, 2011 WL 5117424 (N.D. Cal. Oct. 27, 2011). In other words, Plaintiff will have to go beyond the "limited discovery" that it contends will reveal Defendant's identity. Id. The burdens associated with the potentially expansive and intrusive discovery that Plaintiff may need to propound in order to obtain Defendant's identity likely would outweigh Plaintiff's need for expedited discovery.  Id. (citations omitted).  The Court must therefore endeavor to fashion a remedy that will adequately protect all parties' rights.  See In re BitTorrent Adult Film Copyright Infringement Cases, 2012 WL 1570765, *1, *13.

In light of the foregoing, the Court grants Plaintiff's motion. Plaintiff may serve Optimum with a subpoena pursuant to Federal Rule of Civil Procedure 45. That subpoena may only seek the name and address of the subscriber (IP address 69.118.197.157) who shared the bits identified in Plaintiff's Complaint and the exhibits annexed thereto. Plaintiff shall attach a copy of this Letter

Order to the subpoena. Information obtained from the ISP shall only be used for the purpose of this litigation and Plaintiff shall be prepared to provide copies of the responsive information to any defendant who enters an appearance in this case.[2]

### III. CONCLUSION

Plaintiff's motion (ECF No. 4) is granted.

                                      **SO ORDERED**

                                      */s/Cathy L. Waldor*
                                      **CATHY L. WALDOR**
                                      **United States Magistrate Judge**

---

[2] If Plaintiff seeks leave to file an Amended Complaint naming a specific defendant, then it shall ensure that it has a factual basis for the assertion that the proposed defendant engaged in the alleged infringement. By permitting this discovery, the Court is not finding that Plaintiff may rely solely on the subscriber's affiliation with the IP address in question as the basis for its claims.